# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:19-cr-00118-001-TRM-CHS |
| v. | ) | |
| | ) | |
| CALEB DARBY | ) | |

## MEMORANDUM AND ORDER

CALEB DARBY ("Defendant") came before the Court for an initial appearance on December 14, 2023, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 45].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Christopher Meadows to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Frank Clark explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived a preliminary hearing but requested a detention hearing.

At the request of counsel, the Court immediately moved into the detention hearing. The Government relied upon the sworn allegations in the Petition and the testimony of United States Probation Officer Derek Beamer [Doc. 45]. Defendant's counsel, Christopher Meadows, cross-examined Officer Beamer and proffered evidence on behalf of Defendant. Both attorneys were then given an opportunity to argue their positions to the Court.

The Petition includes a recitation of the violation of the specific conditions of supervision committed by Defendant, *to wit*:

- **Mandatory Condition:** The defendant must refrain from unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- **Special Condition:** The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

Defendant's current period of supervision started on September 22, 2023. Defendant was admitted to CADAS as an in-patient on September 26, 2023. On October 22, 2023, Defendant was discharged from CADAS for a period of two weeks as a result of a rule violation (inviting female resident into his room). On October 27, 2023, Defendant tested positive for marijuana. On November 3, 2023, the probation officer learned that Defendant had tested positive at CADAS for marijuana, cocaine, and methamphetamine. Defendant was admitted to intensive inpatient treatment at CADAS. On November 16, 2023, Defendant was discharged from CADAS for multiple rules violations (e.g., curfew violations, emergency room visit for drug overdose). On November 22, 2023, Defendant tested positive for MDMA, cocaine, methamphetamine, and amphetamine.

Given Defendant's criminal history, the Court has determined that the conditions of his supervised release are necessary to prevent him from being a danger to the community. Despite the probation officer's efforts to assist Defendant in breaking his addiction to various illegal controlled substances by helping him get into an inpatient CADAS substance abuse treatment program, Defendant has continued to use illegal controlled substances.

The Court finds that probable cause exists to support the contentions that Defendant violated conditions of his supervised release. With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not overcome that presumption through clear and convincing evidence. The Court has determined that Defendant must not continue to illegally purchase and use controlled substances. Despite great efforts by the Probation Office, he continues to do both. Based upon Defendant's failure to adhere to the conditions of supervised release, the Court finds that Defendant is a danger to any other person or to the community and, by a preponderance of the evidence, that he does pose a risk of flight. Consequently, the Court **GRANTED** the motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best

efforts to submit to the United States District Judge a proposed Agreed Order with respect to an appropriate disposition of the Petition.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before the United States District Judge.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE